# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| ELOISE BENNETT,<br>    *Plaintiff*,<br><br>v.<br><br>JOHNATHAN A. WILLIAMS, *et al.*,<br>    *Defendants*. | No. 3:18-cv-01102 (JAM) |

**ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**

    Plaintiff Eloise Bennett has filed a *pro se* and *in forma pauperis* complaint alleging misconduct by defendants in 2008 and 2009. Because the complaint does not allege any misconduct within the statute of limitations for any federal constitutional claim, I will dismiss the complaint.

## BACKGROUND

    On June 29, 2018, Bennett filed this complaint against defendants Johnathan Williams, who is Bennett's former landlord, and Ellen Nurse, who is a Hartford constable. According to the complaint, Bennett entered into a lease purchase agreement with Williams in July 2008 for a property on Vine Street in Hartford, Connecticut. Doc. #1 at 2. Williams allegedly breached the agreement and began to harass and threaten Bennett in various ways before ultimately evicting her for not paying rent. *Ibid*. On the morning of the eviction in January 2009, Williams, Nurse, and an unidentified person who claimed to be a police officer allegedly entered Bennett's home without her permission and began to remove her belongings. *Ibid*. Bennett alleges that the defendants intentionally damaged and destroyed her property during this process. *Ibid*.

The first count of the complaint alleges a violation of Bennett's constitutional right to fair treatment and equal protection under the law. Doc. #1 at 3. The second count of the complaint alleges fraud and misrepresentation. *Ibid.* Bennett seeks $2.2 million in damages. *Id.* at 4.

## DISCUSSION

The Court has authority to review and dismiss an *in forma pauperis* complaint that fails to state a claim for which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B). As the Second Circuit has made clear, a dismissal pursuant to § 1915(e)(2)(B) may be appropriate not only if a complaint manifestly fails to state a valid claim for relief but also if the complaint indisputably alleges a cause of action that is time-barred by the statute of limitations. *See Pino v. Ryan*, 49 F.3d 51, 53–54 (2d Cir. 1995).

As to plaintiff's federal constitutional claims, assuming that she has alleged the requisite state action of one or more local law enforcement officers to allow for a cause of action pursuant to 42 U.S.C. § 1983, such a claim for relief is subject to a three-year statute of limitations. *See, e.g.*, *Lounsbury v. Jeffries*, 25 F.3d 131, 133 (2d. Cir. 1994). The complaint was filed in June 2018, but it does not allege any misconduct that occurred more recently than January 2009. Nor does the complaint allege any facts to suggest a continuing violation or extraordinary circumstances since 2009 to warrant the tolling of the limitations period. *See, e.g.*, *Pino*, 49 F.3d at 54 (noting that "a dismissal under section 1915(d) based on the statute of limitations is especially appropriate where, as in this case, the injuries complained of occurred more than five years before the filing of the complaint—well outside the applicable three-year limitations period, there are no applicable tolling provisions as a matter of law, and plaintiff has alleged no facts indicating a continuous or ongoing violation of his constitutional rights"). Accordingly, it is

clear from the face of the complaint that Bennett's constitutional claims under § 1983 are barred by the statute of limitations.

Liberally construed, the complaint also alleges state law claims for fraud, misrepresentation, breach of contract, harassment, and injury to property. Because these causes of action arise under state law, the Court may exercise jurisdiction over them only if Bennett were a citizen of a different state from Williams and Nurse. *See* 28 U.S.C. § 1332 (federal diversity jurisdiction statute). The complaint, however, alleges that all parties have addresses in Connecticut, and there appears to be no basis to conclude that any of the parties are citizens of any state other than Connecticut. Accordingly, the Court has no independent subject matter jurisdiction over Bennett's state law claims and otherwise declines to exercise supplemental jurisdiction over these claims. *See* 28 U.S.C. § 1367(c)(3); *see, e.g., Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 117–18 (2d Cir. 2013).

## CONCLUSION

For the reasons set forth above, the complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B) on the grounds that plaintiff's federal constitutional claims pursuant to 42 U.S.C. § 1983 are barred by the statute of limitations and that the Court otherwise declines to exercise supplemental jurisdiction over plaintiff's remaining state law claims.

The Clerk of Court shall close this case. If plaintiff has grounds to allege a cause of action over which this Court has jurisdiction and that is not barred by the statute of limitations, then plaintiff may file a motion to reopen within 30 days along with an amended complaint.

It is so ordered.

Dated at New Haven this 7th day of November 2018.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge